UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL E. HENNESSY and
BARBARA DIANE HENNESSY,

        Plaintiffs,                Case No. 06-50656

v.                                    District Judge George Caram Steeh
                                       Magistrate Judge R. Steven Whalen

INTERNAL REVENUE SERVICE, et al.,

        Defendants.
_____/

**ORDER DIRECTING AND EXTENDING TIME
FOR PROPER SERVICE OF PROCESS**

Before the Court is a Petition to quash administrative summonses issued by Defendants Commissioner of Internal Revenue and IRS Special Agent Kelly Favier, filed by Plaintiffs Michael E. Hennessy and Barbara Diane Hennessy [Docket nos. 1 and 2]. The Petition has been referred for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A). Because the Plaintiffs have not demonstrated proper service of process on the Defendants within the time limit set forth in Fed.R.Civ.P. 4(m), the Petition is subject to dismissal.

The Petition is based on IRS administrative summonses issued to four banks, seeking records pertaining to the Plaintiffs. The banks are MBNA, Washington Mutual Bank, US Bank and Oxford Bank. Plaintiffs filed their Petition on July 10, 2006, and a Memorandum

in Support on July 11, 2006.  Attached to each is a "Certificate of Service" indicating that the pleadings were served by certified mail on the Custodians of Records of the banks and on Special Agent Favier at an address in Pontiac, Michigan.

Rule 4 of the Federal Rules of Civil Procedure governs the service of summonses.  In *Napier v. Hawthorn Books, Inc.*, 449 F.Supp. 576, 579 (E.D. Mich. 1978), Judge Freeman, quoting Moores' Federal Practice, ¶ 4.03 at 961, defined "summons" as follows:

> "'The term 'summons' as used in rule 4, and other rules, refers to the basic form of original process utilized in a federal civil action to secure jurisdiction over the defendant and inform him of the nature of the action brought against him.'"

The present Petition is, in effect, an original action that has been assigned a miscellaneous docket number.  The Defendants in this case are an agency and an employee of the United States.  Therefore, service of process is governed by Fed.R.Civ.P. 4(i), which provides as follows:

> **i) Serving the United States, Its Agencies, Corporations, Officers, or Employees.**
>
> **(1)** *Service upon the United States* shall be effected
>
> **(A)** by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an Assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States Attorney *and*
>
> **(B)** by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia, *and*
>
> **(C)** in any action attacking the validity of an order of an officer or agency of the United States not made a party, by also sending a copy of the summons and of the

complaint by registered or certified mail to the officer or agency.

**(2)(A)** *Service on an agency or corporation of the United States, or an officer or employee of the United States sued only in an official capacity*, is effected by serving the United States *in the manner prescribed by Rule 4(i)(1) and by also sending a copy of the summons and complaint by registered or certified mail to the officer, employee, agency, or corporation.*

**(B)** *Service on an officer or employee of the United States sued in an individual capacity* for acts or omissions occurring in connection with the performance of duties on behalf of the United States--whether or not the officer or employee is sued also in an official capacity--is effected by serving the United States *in the manner prescribed by Rule 4(i)(1) and by serving the officer or employee in the manner prescribed by Rule 4 (e), (f), or (g).* (Emphasis added).

The Plaintiffs have not complied with this Rule, and therefore this Court does not have personal jurisdiction over the Defendants. In *In re Motion to Quash Subpoenas and Vacate Service*, 146 F.Supp. 792, 794 (W.D. Pa. 1956), the Court stated:

> "Before this Court could quash a subpoena or make any order or decree, it must have jurisdiction of the persons or parties whom it would seek to affect or enjoin. Its apparent that the petitioners are seeking to quash a subpoena issued by the authority of a Congressional Committee. The petitioners are in effect asking this Court to enjoin the Committee from requiring the production of the documents called for in their subpoena. However, the Committee was not served with a copy of the motion, nor were they present, or represented in Court."

Under Fed.R.Civ.P. 4(m), service of a summons must be made within 120 days of the filing of the complaint, or, in this case, the motion to quash. Otherwise, the complaint is subject to dismissal without prejudice. That time limit has passed in this case. However, the Rule also provides that in lieu of dismissal, the Court may order that service be effected within a specified time.

The Plaintiffs in this case are proceeding *pro se*. In recognition of their apparent lack

of acumen in matters of federal civil procedure, the Court will, in its discretion, grant the Plaintiffs an additional 14 days from the date of this Opinion and Order to effect proper service as set forth above, and to file with this Court proof of such service, as required by Fed.R.Civ.P. 4(l).

IT IS THEREFORE ORDERED that the time for service of the Petition and Memorandum in Support is extended to December 14, 2006.

IT IS FURTHER ORDERED that Plaintiffs' failure to properly serve the Petition and Memorandum on the Defendants by December 14, 2006 will result in a Report and Recommendation to dismiss the Petition.

S/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: November 29, 2006

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on November 29, 2006.

S/G. Wilson
Judicial Assistant