UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL E. HENNESSY and
BARBARA DIANE HENNESSY,

          Petitioners,          Case No. 06-x-50656

v.                               District Judge George Caram Steeh
                               Magistrate Judge R. Steven Whalen

COMMISSIONER OF INTERNAL REVENUE,
et al.,

          Respondents.
_____/

## REPORT AND RECOMMENDATION

Before the Court is Respondent United State of America's *Partial Motion to Dismiss*, filed on February 13, 2007 [1][Docket #10] referred for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B) on July 3, 2007. For the reasons set forth below, the Court recommends that Respondent's motion to dismiss be GRANTED as to the out-of-district summonses issued to MBNA, Washington Mutual Bank, and US Bank. Further, I recommend that Respondent's motion be DENIED as to the Oxford Bank summons pertaining to *non*-Plus One Enterprises accounts.

---

[1]Petitioners later motioned to amend the petition, adding the United States of America as a respondent [Docket #6] which was granted by this Court on January 26, 2007 [Docket #7].

-1-

## I. BACKGROUND FACTS

On June 21-22, 2006, Respondent Kelly Favier, Special Agent with the Criminal Investigations Division of the Internal Revenue Service issued five third party administrative summonses in connection with an investigation of Petitioners' taxable income for tax years 2000, 2001, 2002, 2003, and 2004. *Docket #11*, Exhibit 2 at ¶2. The five summonses, directed to a total of four banks, requested testimony by the banks' custodian of records, along with "papers, records, or other data." *Id.*, Exhibit 2, at ¶3.

On July 10, 2006, Petitioners' Michael E. and Barbara Diane Hennessy filed the instant petition to quash third-party summonses issued to the banks in question, Oxford Bank, supplemented by a "memorandum" the following day, also asking the Court to quash summonses to MBNA, Washington Mutual Bank, and US Bank by the Internal Revenue Service in the matter of Petitioners' tax liability for the periods 2000 through and including 2004 [Docket #2].

## II. STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(1) provides for dismissal of a complaint for lack of subject matter jurisdiction. When the defendant challenges subject matter jurisdiction, the plaintiff has the burden of proving jurisdiction in order to survive the motion. *Moir v. Greater Cleveland Regional Transit Authority*, 895 F.2d 266, 269 (6th Cir. 1990). In determining the "factual" existence of subject matter jurisdiction, "no presumptive truthfulness applies to the factual allegations, *see Ohio Nat'l Life Ins. Co. v. United States,* 922 F.2d 320, 325 (6th

Cir.1990), and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *U.S. v. Ritchie,* 15 F.3d 592, 598 (6th Cir. 1994); Fed. R. Civ. P. 12(b)(1).

### III. ANALYSIS

Respondent United States of America's contends that the Court lacks subject matter jurisdiction over "out-of-district" banks MBNA, Washington Mutual Bank, and US Bank. *Docket #10* at 2-4. Respondent argues further that Petitioners' failure to move to quash of one of the two in-district summons, pertaining to accounts *other* than Oxford Bank's Plus One Enterprises account, deprives this Court of subject matter over one of the two summonses issued to Oxford Bank. Docket #10, Exhibit 1.

**A. Out-of-District Banks**

26 U.S.C.A. § 7609(h)(1) states in pertinent part that "the United States district court for the district within which the person to be summoned resides or is found shall have jurisdiction to hear and determine any proceeding brought under subsection (b)(2), (f), or (g)."

I agree with Respondent's contention that Petitioners have failed carry their burden in establishing this Court's subject matter jurisdiction over MBNA, Washington Mutual Bank, and US Bank. First, Petitioners have not only failed to respond to the present motion, but for all practical purposes concede the issue by asking this Court "to allow them to serve process on the out-of-district third party record keepers in the federal district where they

reside or are found." Docket #12 at 2.

Next, and more fundamentally, subject matter jurisdiction properly rests in the third-party's principal residence or place of business. "The provision conferring jurisdiction on the district in which the summoned person is found . . . . is not intended to permit a summons directed to a third-person recordkeeper at that recordkeeper's residence to be challenged wherever else in the world the recordkeeper may be found." *Masat v. U.S.,* 745 F.2d 985, 987(5th Cir. 1984).

> "The taxpayer's motion to quash is directed towards an existing summons issued by the IRS to the third-party recordkeeper. . . . it is only logical that jurisdiction be vested in the district where the summons is to be answered. Allowing jurisdiction to be determined by the location of the taxpayer . . . would force the mountain to come to Mohammed . . ."

*Id.* at 987-988. *See Oldham v. U.S.*, 2002WL 507544, *2 -3 (D.Or.,2002)(The fact that a company has large retail establishments in a jurisdiction does not establish subject matter jurisdiction for the purposes of quashing a third-party summons.) *See also Beck v. U.S.,* 60 Fed.Appx. 551, 552 (6th Cir. 2003). The petition to quash the three summonses directed to MBNA, Washington Mutual Bank, and US Bank should therefore be dismissed for lack of subject matter jurisdiction.

**B. Oxford Bank's non-Plus One Enterprises Accounts**

26 U.S.C.A. § 7609(b)(2)(A) instructs that "the right to begin a proceeding to quash [a] summons" must occur "not later than the 20th day after the day such notice is given." "This framework has been construed as a waiver of the government's sovereign immunity

by granting parties a limited right to sue the United States. Such waivers of sovereign immunity must be strictly construed by the courts." *Glaspie v. U.S.,* 1993 WL 379596, *1 (E.D.Mich.1993)(Gadola, J.)(internal citations omitted). Respondent's argument that the petition to quash the *non-*Plus One Enterprises accounts was not timely filed is actually premised on the fact that the petition, alluding to a June 21, 2006 summons "issued to Oxford Bank's Custodian of Records" did not explicitly "reference[] or include[]" the summons directed to the *non-*Plus accounts. Docket #10 at 2. In addition, although Docket #1 and 2 include copies of the other four summonses to be quashed, Docket #1, rather than a copy of each of the two Oxford Bank summonses instead includes two copies of the summons directed toward the Oxford Bank *Plus One Enterprises* accounts.

Certainly, the *pro se* pleadings are somewhat muddled by the fact that Petitioners' initial pleading includes two copies of the summons directed toward the Plus One accounts and none of the *non-*Plus accounts. However, I find that Petitioners' initial pleading, timely filed on July 10, 2006, is sufficient to put Respondent on notice that it seeks to quash both Plus One and *non-*Plus One accounts at Oxford Bank. For example, the first page of Docket #1 states that the petition to quash includes books and records "issued by Agent Kelly Favier on June 21, 2006 to the Custodian of Records of Oxford Bank." By including both the date of the summons and the bank (but not the accounts) to which it was directed, Petitioners provided adequate notice to Respondent that they sought to quash both of the summonses issued to Oxford Bank on June 21, 2006. While under certain circumstances (e.g., several,

rather than just two summonses issued to the same bank, or multiple summonses issued over a period of months), a failure to include a copy of the summons or describe the summons with more particularity would be fatal, in this case-specific determination, Petitioners' claim pertaining to the non-Plus accounts should be preserved.[2]

## IV. CONCLUSION

I recommend that Respondent's partial motion to dismiss be GRANTED as to the out-of district banks, and DENIED as to the non-Plus accounts at Oxford Bank.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this MagistrateJudge.

Within ten (10) days of service of any objecting party's timely filed objections, the

---

[2] This finding is perhaps a hollow victory for Petitioners, since by separate Opinion and Order I have found their Petition to be without substantive merit.

opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained

S/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: July 6, 2007

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on July 6, 2007.

S/G. Wilson
Judicial Assistant