UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL E. HENNESSY and
BARBARA DIANE HENNESSY,

              Petitioners,           Case No. 06-x-50656

v.                                       District Judge George Caram Steeh
                                           Magistrate Judge R. Steven Whalen

COMMISSIONER OF INTERNAL REVENUE,
et al.,

              Respondents.
_____/

**ORDER DENYING PETITION TO QUASH [Docket #1] AND GRANTING RESPONDENT UNITED STATES OF AMERICA'S SUMMARY DENIAL OF PETITIONS TO QUASH IRS SUMMONSES AND FOR ENFORCEMENT OF IRS SUMMONSES [Docket #11]**

Before the Court is Petitioners' July 10, 2006 *Petition to Quash Administrative Summons*[1] [Docket #1] referred for Hearing and Determination on July 12, 2006. On February 13, 2007, Respondent United States of America filed *Motion for Summary Denial of Petitions To Quash IRS Summonses and For Enforcement of IRS Summonses* [Docket #11], which was referred for hearing and determination on July 2, 2007. For the reasons set

---

[1] Petitioners later motioned to amend the petition, adding the United States of America as a respondent [Docket #6] which was granted by this Court on January 26, 2007 [Docket #7].

forth below, Petitioners' motion to quash is DENIED and Respondent's Motion is GRANTED.

## I. BACKGROUND FACTS

On June 22, 2006, Respondent Kelly Favier, Special Agent with the Criminal Investigations Division of the Internal Revenue Service, issued five third party administrative summonses in connection with an investigation of Petitioners' taxable income for tax years 2000, 2001, 2002, 2003, and 2004. *Docket #11*, Exhibit 2 at ¶2. The five summonses, directed to a total of four banks, requested testimony by the banks' custodian of records, along with "papers, records, or other data." *Id.*, Exhibit 2, at ¶3.

On July 10, 2006, Petitioners Michael E. and Barbara Diane Hennessy filed the instant petition to quash third-party summonses issued to the banks in question, Oxford Bank, supplemented by a "memorandum" the following day, asking the Court to also quash summonses to MBNA, Washington Mutual Bank, and US Bank by the Internal Revenue Service in the matter of Petitioners' tax liability for the periods 2000 through and including 2004.[2]

---

[2]Respondent United States of America also filed a motion for partial dismissal arguing that the Court lacks subject matter jurisdiction over "out-of-district" banks MBNA, Washington Mutual Bank, and US Bank, arguing further that Petitioners failed to timely petition to quash one of the two summonses made on Oxford Bank (*non*-Plus One Enterprises account) [Docket #10]. Accordingly, Respondent argues that only one of the two local summonses Oxford Bank (Plus One Enterprises accounts) and none of the "out-of-district" summonses are at issue here. By separate Report & Recommendation, I have recommended that the jurisdictional motion to dismiss be granted as to the out-of-district banks, but denied as to the other account at the Oxford Bank. However, Respondent also contends that to the extent that this Court rejects jurisdictional arguments for dismissal of the

## II. RELEVANT LAW

26 U.S.C. § 7602 states pertinent part:

"For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary or his delegate is authorized

(1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry.

(2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary may deem proper, to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and

(3) To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry."

§ 7602 identifies four separate investigatory purposes which would support the issuance of an administrative summons: (1) to determine the correctness of any return, (2) making a return where none was made, (3) determining a person's liability "for any internal revenue tax," and (4) collecting such liability. In addition, the information sought must be

---

other four summonses requested in Docket #10, it has established in the present motion a prima facie case for enforcement of all five summonses in dispute. This Opinion discusses all five summonses in the event that the District Judge rejects any portion of the separate Report & Recommendation.

-3-

"relevant or material" to one of these investigatory purposes. *Calamari v. U.S.,* 2003 WL 345852 *1 -2 (E.D.Mich.,2003); 26 U.S.C. § 7602. *See also Scotty's Contracting and Stone, Inc. v. U.S.,* 326 F.3d 785, 787 (6th Cir. 2003).

A 1982 congressional amendment also provides that "the IRS may issue summonses for 'the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws.'" *Scotty's, supra,* 326 F.3d at 788; 26 U.S.C. § 7602(b). Under "the plain language of the statute, the IRS's authority to issue summonses for the purpose of investigating any [criminal] offense relating to the tax code is extinguished only when the investigation is referred to the Department of Justice." *Id*.; 26 U.S.C. § 7602(d)(1).

Taxpayers may challenge administrative summonses by the IRS served upon third party record keepers. *Rae v. U.S.,* 2005 WL 2715454, *2 (E.D.Mich. 2005)(Binder, M.J.);26 U.S.C. §§ 7609(b)(2); 7609(a)(3). However, pursuant to *U.S. v. Powell*, 379 U.S. 48, 57-58, 85 S.Ct. 248, 255, 13 L.Ed.2d 112 (1964), the court will uphold a prima facie case for enforcement of a § 7602 summons, established by a showing that "(1) the investigation has a legitimate purpose; (2) the summoned materials are relevant to that investigation; (3) the information sought is not already within the IRS's possession; and (4) the IRS has followed the procedural steps outlined in 26 U.S.C. § 7603." *Calamari, supra* at 2. Typically, the government makes its prima facie showing through submission of an affidavit of the investigating agent who issued the summons. *U.S. v. Will,* 671 F.2d 963, 966 (6th Cir. 1982). *See also Cook v. U.S.,* 104 F.3d 886, 889 (6th Cir. 1997).

Once the government makes that showing, the burden shifts to the taxpayer to show that enforcement of the summons would be an abuse of the court's process. *United States v. Will*, *supra,* 671 F.2d at 966. The taxpayer can then rebut the government's prima facie case by refuting one of the *Powell* factors, *Mazurek v. United States*, 271 F.3d 226, 230-31 (5th Cir. 2001), or by showing that "the summons had been issued for an improper purpose, such as to harass the taxpayer or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation." *Powell*, 379 U.S. at 58, S.Ct. at 255.

## III. ANALYSIS

Petitioners argue that the summonses should be quashed on the basis that the IRS issued the administrative summonses "solely in the pursuit of a criminal investigation." *Docket #1* , 2-3, *Docket #2*, 4-5. Citing *United States v. LaSalle National Bank,* 554 F.2d 302, 309 (7th Cir. 1977), they argue that Respondent Kelly Favier's May, 2006 acknowledgment that the ongoing investigation was exclusively criminal in nature establishes the presence of bad faith in the issuance of June 2006 summonses.[3] *Docket #1* at 2.

### A. The Government Has Made a Prima Facie Case For Enforcement

---

[3]Petitioners allege that the fact that Respondents are pursuing a solely criminal investigation was also confirmed by "an [a]ttorney in the employ of the General Counsel Office." *Docket #1* at 2, *Docket #2* at 4.

Agent Kelly Favier's February 9, 2007 declaration contains the elements of a prima facie case for enforcement of a § 7602. First, the declaration states that the summonses are "for the purpose of determining whether Petitioners committed any offense connected with administration or enforcement of the internal revenue law." *Docket #11*, Exhibit 2 at ¶2. Next, Respondent has stated that the bank summonses, including bank statements, money order records, and securities are not only relevant, but necessary in determining whether Petitioners have complied with tax laws. *Id.* at ¶14. Further, Favier's declaration states that although she had obtained a number of bank records as a result a prior summons, "to the best of [her] knowledge and belief, the information sought in the current summonses "was not already within the possession of the Internal Revenue Service." *Id.* at ¶10-11, 13.

Finally, Respondent Favier's declaration also establishes that she has adhered to the procedural steps needed to establish a prima facie case under 26 U.S.C. § 7603[4]. *Docket #11*, Exhibit 2 at ¶¶5-6. Favier's attestation that she properly served both third party custodians and Petitioners is accompanied by documentation confirming that the summonses were

---

[4]26 U.S.C. § 7603 states in pertinent part:

"A summons issued under section . . .7602 shall be served by the Secretary, by an attested copy delivered in hand to the person to whom it is directed, or left at his last and usual place of abode; and the certificate of service signed by the person serving the summons shall be evidence of the facts it states on the hearing of an application for the enforcement of the summons. When the summons requires the production of books, papers, records, or other data, it shall be sufficient if such books, papers, records, or other data are described with reasonable certainty."

delivered by certified or registered mail. *Docket #11*, Exhibit 1.

### B. Petitioners Have Failed To Demonstrate Bad Faith

The Petition to Quash is premised solely on the mistaken belief that Respondent Favier's statement that she is pursuing an exclusively criminal investigation is irrefutable evidence of bad faith. Petitioners cite *U.S. v. LaSalle Nat. Bank,* 554 F.2d 302, 309 (7th Cir. 1977), which holds that "the use of an administrative summons solely for criminal purposes is a quintessential example of bad faith."

However, Petitioners overlook that the Supreme Court, reversing *LaSalle* the following year, narrowed the Seventh Circuit's holding by noting that "[t]he primary limitation on the use of a § 7602 summons is that the summons may not issue *after the IRS recommends criminal prosecution to the Department of Justice.*" *United States v. LaSalle National Bank,* 437 U.S. 298, 311, 98 S.Ct. 2357, 2365, 57 L.Ed.2d 221 (1978)(emphasis added).

More obviously, this Circuit, observing that in 1982 a congressional amendment to the Income Tax Code provided that "the IRS may issue summonses for 'the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws,'" has held that under "the plain language of the statute, the IRS's authority to issue summonses for the purpose of investigating any offense relating to the tax code is extinguished only when the investigation is referred to the Department of Justice." *Scotty's Contracting and Stone, supra,* 326 F.3d at 788; 26 U.S.C. § 7602(d)(1).

In the present case, Respondent attests that her investigation has not been referred "for either a grand jury investigation or criminal prosecution to the Department of Justice." *Docket #11*, Exhibit 2 at ¶14. Although Petitioners contend that Respondent's pursuit of an exclusively criminal investigation establishes the presence of bad faith, her declaration and accompanying documentation indicate conclusively that her issuance of the present summonses is within the parameters set out in 26 U.S.C. § 7602. Aside from Petitioners' present argument, they have failed to demonstrate or even allege any other examples of bad faith by Respondents which would justify quashing the administrative summonses. The Petition to Quash [Docket #1] is therefore DENIED. Respondent's Summary Denial of Petitions to Quash IRS Summonses and for Enforcement of IRS Summonses [Docket #11] is GRANTED[5]. SO ORDERED.

S/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: July 6, 2007

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on July 6, 2007.

---

[5]Respondents' Motion to Dismiss [Docket #10] argues that this Court enjoys subject matter jurisdiction over only one of the five summonses (Oxford Bank, Plus One Enterprises account). However, to the extent that jurisdiction is present, the above order is applicable to all five summonses.

S/Gina Wilson
Judicial Assistant