UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL E. HENNESSY and
BARBARA DIANE HENNESSY,

          Petitioners,

vs.

Case No. 06-x-50656
HON. GEORGE CARAM STEEH

COMMISSIONER OF INTERNAL REVENUE,
et al.,

          Respondents.

_____/

ORDER ACCEPTING MAGISTRATE JUDGE'S JULY 6, 2007 ORDER (#16)
AS A REPORT AND RECOMMENDATION,
ACCEPTING MAGISTRATE JUDGE'S JULY 6, 2007 REPORT AND
RECOMMENDATION (#15), AND DISMISSING PETITION TO QUASH

The Internal Revenue Service (IRS) objects to Magistrate Judge Whalen's separate July 6, 2007 Order and July 6, 2007 Report and Recommendation. Petitioners object to the Report and Recommendation.

**I. BACKGROUND**

On June 22, 2006, Kelly Favier, Special Agent with the Criminal Investigations Division of the IRS, issued five third-party administrative summonses directed at four different banks. The banks were MBNA, Washington Mutual Bank, US Bank, and Oxford Bank. Of these banks, only Oxford Bank is located within this Court's district.

On July 10, 2006, Petitioners filed a petition to quash the five third-party summonses. In response, Respondent IRS filed: (1) a February 13, 2007 motion for partial dismissal as to four

of the five summonses, and; (2) a February 13, 2007 motion for summary denial as to the entire petition to quash. These motions were referred to Magistrate Judge Whalen who issued the subject July 6, 2007 Order and July 6, 2007 Report and Recommendation. The IRS has filed objections to the Order and Report and Recommendation, while Petitioners have filed objections only with respect to the Report and Recommendation.

## A. Order

Magistrate Judge Whalen directs in his July 6, 2007 Order that the entire petition should be dismissed and the third-party summonses enforced because petitioner has failed to demonstrate bad faith on the part of the issuing IRS Agent as required under 26 U.S.C. § 7602. Magistrate Judge Whalen found that the IRS presented a *prima facie* case for enforcement of the § 7602 summonses, established by a showing that "(1) the investigation has a legitimate purpose; (2) the summoned materials are relevant to the investigation; (3) the information sought is not already within the IRS's possession; and (4) the IRS has followed the procedural steps outlined in 26 U.S.C. § 7603." *Calamari v. U.S.,* 2003 WL 345852 *2 (E.D. Mich., 2003).

## B. Report and Recommendation

Although the petition to quash is directed at five summonses, the Report and Recommendation addresses our four of the summonses, three summonses that were directed at out-of-district banks and one summons that the IRS alleges lacks requisite notice of Petitioner's intent to quash. Magistrate Judge Whalen recommends that the Court dismiss the petition to quash as to the three summonses directed at the out-of-district banks for lack of subject matter jurisdiction. As to the fourth summons directed at an in-district bank, the Magistrate Judge recommends that the Court reject the IRS's argument that the wording of the Petitioners' petition denied the IRS notice as to Petitioner's intent to quash that particular summons.

2

## II. ANALYSIS

### A. Report and Recommendation vs. Order

At the outset, the IRS objects to the July 6, 2007 Order arguing the Magistrate Judge lacked authority to issue a dispositive ruling dismissing the petition, and that the court should instead treat the Order as a Report and Recommendation and conduct a *de novo* review . The court agrees. However, it is within the Court's discretion "to construe the magistrate's order as a proposed disposition." *U.S. v. First Nat. Bank of Atlanta*, 628 F.2d 871, 874 (5th Cir. 1980). The court proceeds to address the parties' objections to the Order as objections to a report and recommendation subject to *de novo* review. 28 U.S.C. § 636(b)(1)(B).

### B. IRS's Objections to Order

Understandably, the IRS does not advance objection to the substantive merits of the July 6, 2007 Order directing dismissal of the petition for lack of requisite bad faith on the part of the IRS. Without further objection by petitioner, and upon *de novo* review of the Order, construed as a report and recommendation, the Court accepts the recommendation that the petition be dismissed in its entirety.

The IRS also objects the magistrate erred in not limiting the enforcement order to information not already in the possession of the IRS. As the magistrate pointed out, the IRS has made out a *prima facie* case for enforcement of the summonses. An element of a *prima facie* case for the enforcement of a § 7602 summons is that the information sought is not already within the IRS's possession. *U.S. v. Powell*, 379 U.S. 48, 57-58 (1964). The Order acknowledges that the IRS summonses were directed at information not already in the IRS's possession and that enforcement should only apply to information not in the IRS's possession. Upon *de novo* review, this objection is without merit.

### C. Objections to Report and Recommendation

The Court has ruled that the petition is subject to dismissal under the proposed disposition of the July 6, 2007 Order. Although unnecessary in the final disposition of this matter, the court proceeds to also address the objections advanced against the July 6, 2007 Report and Recommendation.

Neither the IRS nor Petitioners object to the Magistrate Judge's recommending ruling to deny the petition to quash as to summonses directed at the three out-of-district banks for lack of subject matter jurisdiction. *See Masat v. U.S.*, 745 F.2d 985, 988 (5th Cir. 1984) (holding that jurisdiction over an IRS summons directed at a third party lies only with the district in which the summons is to be answered). Upon *de novo* review, the Court agrees that it lacks subject matter jurisdiction to quash the IRS summonses directed at the three out-of-district banks.

The IRS also objects that the Magistrate Judge erred in interpreting the petition to quash as directed at two bank accounts held by the Petitioners at Oxford Bank. Upon *de novo* review, the Court finds the objection is without merit. Additionally, this objection is rendered moot with the granting of the IRS's motion for summary denial of the petitions to quash.

Petitioners object to the Report and Recommendation stating that the IRS has failed to comply with the notice requirements of 26 C.F.R. § 1.6001-1(d), and that the Report and Recommendation is invalid due to lack of an official seal required by 28 U.S.C. § 638(c). These objections have been waived as these issues were not raised before the Magistrate Judge. *See U.S. v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998). To the extent not waived, the objections are without merit. The notice requirement found in 26 C.F.R. 1.6001-1(d) is inapplicable to third-party record keeper summonses. Likewise, 28 U.S.C. § 638(c), which requires a magistrate

judge to affix an official seal to all *jurats or certificates*, is inapplicable because a report and recommendation is neither.

## CONCLUSION

For the reasons stated, the Petitioners' objections are OVERRULED. The Respondents' objection regarding the dispositive nature of the Order is SUSTAINED, while the reminder of Respondent's objections are OVERRULED. The Court hereby ACCEPTS the July 6, 2007 Order (#16) as a Report and Recommendation, ACCEPTS the July 6, 2007 Report and Recommendation (# 15), and hereby DISMISSES the petition to quash in its entirety.

SO ORDERED.

Dated: December 5, 2007

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record
on
December 5, 2007, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk